**Guadalupe Guerrero FLORES,
Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–02–01079–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 18, 2003.

David S. Barron, Bryan, for Appellant.

Douglas Howell, III, Assistant District Attorney, Bill R. Turner, District Attorney, Bryan, for Appellee.

Panel consists of Justices ALCALA, HANKS, and HEDGES.*

## OPINION

GEORGE C. HANKS, JR., Justice.

Appellant, Guadalupe Guerrero Flores, pleaded guilty to the third degree felony offense of driving while intoxicated (DWI), and a jury assessed his punishment at six years in prison. In two issues, appellant alleges that the trial court erred in the punishment stage of trial (1) by admitting a prior aggravated assault conviction into evidence and (2) by overruling appellant's objection to what he contends was improper closing argument. We affirm.

### Factual Background

At approximately 11:30 p.m. on January 5, 2000, Bryan Police Officer Paul Mahoney saw appellant drive through a red light. Officer Mahoney turned on his emergency lights and followed appellant's car, which was traveling at a rate of only 15 mph in a 40 mph zone. Officer Mahoney followed appellant's car for almost one-half of a mile before the car pulled into a parking lot and hit a parked car. Officer Mahoney retrieved appellant's driver's license and discovered that it was "suspended for DWI education program." Appellant was arrested, and an intoxilyzer test indicated that he had a blood alcohol content of .247, which was more than three times the legal limit.

Appellant's criminal history was introduced into evidence during the punishment

---

* The Honorable Adele Hedges, formerly Justice of the Court of Appeals, First District of Texas at Houston, became Chief Justice of the Court of Appeals, Fourteenth District of Texas at Houston on December 8, 2003 and continues to participate by assignment for the disposition of this case, which was considered on December 1, 2003.

phase of trial. Appellant had four prior DWI convictions, a deferred adjudication for aggravated assault, and was on probation for another DWI conviction when he was arrested for this offense in January 2000.

## Extraneous Offense

■ In his first issue, appellant argues that the trial court erred in admitting evidence of his 1991 judgment and sentence for aggravated assault.

■ A trial court has broad discretion in determining the admissibility of evidence presented at the punishment phase of trial. *Henderson v. State*, 29 S.W.3d 616, 626 (Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). The code of criminal procedure permits trial courts to admit evidence deemed relevant to sentencing, including evidence of other crimes or bad acts. *See* TEX.CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1) (Vernon Supp.2003).[1] At the punishment hearing, relevant evidence is that which assists the fact finder in determining the appropriate sentence given the particular defendant in the circumstances presented. *Rogers v. State*, 991 S.W.2d 263, 265 (Tex.Crim.App.1999). This language grants wide latitude in the admission of evidence deemed relevant, including evidence arising after the offense. *Contreras v. State*, 59 S.W.3d 362, 365 (Tex.App.-Houston [1st Dist.] 2001, no pet.); *Peters v. State*, 31 S.W.3d 704, 720

(Tex.App.-Houston [1st Dist.] 2000, pet. ref'd). Even relevant evidence, however, may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice. *See* TEX.R. EVID. 403. As used in rule 403, "unfair prejudice" means the undue tendency of the evidence to suggest a decision on an improper basis. *See Rogers*, 991 S.W.2d at 266. We will not disturb a trial court's determination regarding the admissibility of relevant evidence unless an abuse of discretion has been shown. *See Green v. State*, 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996).

When the State attempted to introduce the order of deferred adjudication and the stipulation of evidence from appellant's aggravated assault offense, appellant conceded that the exhibits were relevant, but he objected because "under Rule 403 the probative value is substantially outweighed by the danger of unfair practice, [sic] and that it is a crime of violence." On appeal, appellant, relying on *Theus v. State*, 845 S.W.2d 874 (Tex.Crim.App.1992), argues that Rule of Evidence 609 prevents the admission of evidence of his aggravated assault.

■ The Texas Rules of Appellate Procedure require that, in order for an issue to be preserved on appeal, there must be a timely objection which specifically stated the legal basis for the objection. TEX. R.APP. P. 33.1(a). It follows that an objection stating one legal basis may not be

---

1. Sec. 3. Evidence of prior criminal record in all criminal cases after a finding of guilty. (a)(1) Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and, not-

withstanding Rules 404 and 405, Texas Rules of Evidence, any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act. TEX CODE CRIM. PROC. art. 37.07 § 3(a)(1) (Vernon Supp.2003).

used to support a different legal theory on appeal. *Zillender v. State,* 557 S.W.2d 515, 517 (Tex.Crim.App.1977). Courts have routinely held that, where a complaint on appeal does not comport with an objection made at trial, the error is not preserved on the complaint. *Broxton v. State,* 909 S.W.2d 912, 918 (Tex.Crim.App. 1995); *Goff v. State,* 931 S.W.2d 537, 551 (Tex.Crim.App.1996); *Dunn v. State,* 819 S.W.2d 510, 524–25 (Tex.Crim.App.1991) (discussing the importance of specific objections required under Rule 52, predecessor to Rule 33.1).

■ Here, appellant presents a different basis for excluding the evidence on appeal than was raised in the trial court. An objection raised on appeal will not be considered if it varies from the objection made at trial. *Coffey v. State,* 796 S.W.2d 175, 179 (Tex.Crim.App.1990). Therefore, we will not consider appellant's rule 609 argument.

On appeal, appellant makes no attempt to establish that, under a rule 403 analysis, the trial court abused its discretion in allowing the introduction of the aggravated assault in the punishment phase of trial because the probative value was substantially outweighed by the prejudicial effect.

We overrule appellant's first issue.

### Improper Jury Argument

■ In his second issue, appellant contends that the trial court erred in overruling appellant's objection to the prosecutor's closing argument.

During the prosecutor's closing argument at the punishment phase, the following exchange occurred:

> State: Probation puts him right back out on the street. There is no guarantee with SAFPF. It is discretionary. So he goes home; back to that car that ought to have a guardian interlock system, but doesn't. Somebody could get hurt. That's not the appropriate result in this case.
>
> I want you to reach a verdict. I want you to take as long or as little time as you need. I may be preaching to the choir. This may be a no-brainer. It appears to be a no-brainer to me. Six DWI's, you go to prison. And you go to prison for as long as the law allows because that's what it takes for us to make sure that somebody isn't hurt. That may be a no-brainer to you, too. I don't know. But I expect it's also pretty hard [sic] get to the point where you have to do this. But as I said, the right things are often the hardest things to do.
>
> You hold in your hands the community's welfare. You can make this a safer place. You can help us enforce the laws, because **if a six-time DWI doesn't go to prison in Brazos County, the next time somebody comes to my office as a five-time, I can't send him to prison.**
>
> Appellant: Judge, I'm going to object to that as an improper plea for law enforcement, and it's outside the record.
>
> State: It is a plea for law enforcement.
>
> Appellant: Judge, I didn't—it doesn't demand a response. That's my objection.
>
> Court: Well, I'm going to ask for a response. State's response?
>
> State: It is a plea for law enforcement. It is a reasonable plea for law enforcement.
>
> Court: Overruled.
>
> Appellant: And my other objection, it is outside of the record as to what he personally believes.
>
> State: Judge, it's a reasonable inference from the record; it's a reasonable plea for—

Court: Overruled. Let's move on.

(Emphasis added.) Appellant contends that the prosecutor's remarks as to how he, personally, would handle future DWI offenses was improper.

Permissible jury argument falls within one of four categories: (1) summation of the evidence; (2) reasonable deductions from the evidence; (3) pleas for law enforcement; and (4) response to opposing counsel. *Felder v. State*, 848 S.W.2d 85, 94–95 (Tex.Crim.App.1992). In *Cerda v. State*, 10 S.W.3d 748 (Tex.App.-Corpus Christi 2000, no pet.), the court of appeals was faced with a similar issue. In *Cerda*, the complained-of argument was, as follows:

> State: And I'll tell you this. The one thing I will do; and I promise is, I'll listen to you. You are my voice. You're my sounding board. You think drug dealers ought to get probation, give it to her, and I'll deal accordingly. On the other hand, if you believe, as I think this evidence shows, you should respond with strong penitentiary time; and I will respond accordingly.

> Defense: Judge, I object. I believe that's way outside the record, improper argument, telling this jury that he's going to start offering whatever they decide to give in this case. And that's totally outside the record and way improper argument and I would ask for a mistrial.

*Id.* at 756. The trial court overruled the objection, and the court of appeals affirmed the ruling and stated that "appellant contends the prosecutor threatened the jury with the prospect that he would base all future punishment recommendations on their verdict. Construing the argument in its entirety, however, it appears the prosecutor's argument was actually a plea for law enforcement, which is a proper topic for jury argument." *Id.* at 757.

A proper plea for law enforcement may take many forms, one of which is to argue the relationship between the jury's verdict and the deterrence of crime in general. *Borjan v. State*, 787 S.W.2d 53, 55 (Tex. Crim.App.1990).

Here, we hold that the prosecutor's argument amounts to a plea for law enforcement and that the trial court did not err in overruling appellant's objection. We overrule appellant's second issue.

### Conclusion

We affirm the trial court's judgment.