Opinion issued March 30, 2006  
     










In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00201-CR




JIMMY DON ADAMS, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 178th District Court
Harris County, Texas
Trial Court Cause No. 998308




MEMORANDUM OPINION

          A jury convicted appellant, Jimmy Don Adams, of aggravated sexual assault of
a child. See Tex. Pen. Code Ann. § 22.021(a) (Vernon Supp. 2005). The jury found
true enhancement paragraphs alleging prior convictions for theft and aggravated
robbery and assessed punishment at 25 years in prison. We determine (1) whether
appellant’s trial objection was sufficient to preserve his complaint that the trial court
violated appellant’s right to confrontation by refusing to allow cross-examination of
witnesses about the complainant’s mother’s alleged child abuse; (2) whether appellant
was denied due process or due course of law because the State failed to produce Child
Protective Services’s (“CPS”) reports of alleged child abuse until after both sides had
rested at trial; and (3) whether appellant was denied due process of law because of
prosecutorial misconduct in not producing exculpatory material. We affirm. 
Factual Background

          In September of 2002, appellant moved in with Karen Chaney and her 12-year-
old daughter, M.C. In January of 2003, M.C. told Chaney that appellant had touched
her in the crotch area. Chaney took M.C. to the Children’s Assessment Center (“the
Center”) for a physical examination. At trial, Dr. Judy Rambur, a clinical psychologist
for the Center, testified that M.C.’s behavior was consistent with that of a sexually
abused child. Dr. Margaret McNeese, a pediatrician at the Center, performed a
physical examination on M.C. and determined that her genital area showed signs of
trauma consistent with sexual abuse.
          The defense rested its case on Friday, February 18, 2005. On Monday, February
21, 2005, the defense asked to re-open its case to present additional witnesses to offer
evidence that Chaney had physically abused M.C. The defense sought to introduce
the testimony of Walter Rosenthal, Chaney’s neighbor, and two CPS reports detailing
Chaney’s physical abuse of M.C. Appellant alleged the he had discovered the
existence of the two CPS reports after he had rested his case. Appellant contended
that the CPS reports would have been helpful in discrediting or impeaching M.C. In
open court, appellant then requested the CPS reports from the State to cross-examine
Chaney about them. The State delivered the CPS reports to appellant in open court
and explained to the trial court that the CPS reports were in its file the first time that
the case had been tried.



          The CPS reports, dated March 6, 1997 and November 19, 2001, detailed
Chaney’s physical abuse of M.C. more than a year and a half before appellant’s having
moved in with Chaney and M.C. The CPS reports were printed in May of 2003. 
Appellant had taken notes from all of the offense reports in the State’s file in April of
2003, prior to the reports’ having been printed. Although the State had an open-file
policy, appellant’s attorney argued to the trial court that the CPS reports had not been
in the State’s file at the time that he reviewed in the file or in preparation for the 2004
trial, alternatively, that the CPS reports had been in an envelope labeled “work
product,” which he did not open. 
          After reviewing the CPS reports, appellant requested a continuance to review
the records further and to investigate other potential witnesses. The trial court denied
appellant’s motion for continuance. After the trial court re-opened the case, appellant
questioned Chaney, Rosenthal, and M.C. regarding Chaney’s and M.C.’s relationship. 
Appellant solicited testimony from Chaney, in the presence of the jury, that she had
hit M.C. with a belt and put her in a closet. Appellant also sought to introduce the
CPS reports and to question Rosenthal and Chaney regarding their contents. The State
objected to the CPS reports and testimony as being irrelevant and improper
impeachment. Appellant argued that M.C., who had been beaten by Chaney, had a
motive to destroy Chaney’s happiness by falsely accusing appellant of sexual assault. 
The trial court sustained the State’s objections.
          Appellant filed a motion for new trial on March 9, 2005, arguing that he had
been denied his right to confrontation and effective assistance of counsel because the
CPS reports were wrongfully withheld by the State. The trial court conducted a
hearing on the motion for new trial. The only evidence presented was testimony by
appellant’s trial counsel. The trial court denied appellant’s motion for new trial. 
Confrontation Clause Violation
          In his first point of error, appellant contends that he was “denied the right of
confrontation guaranteed by [the United States and Texas constitutions] by the court’s
refusal to allow cross-examination of witnesses about the allegations of child abuse
by [Chaney].” 
          Generally, a timely, specific objection is required to preserve even constitutional
error for appeal. Tex. R. App. P. 33.1(a); see Wilson v. State, 71 S.W.3d 346, 349 (Tex.
Crim. App. 2002). Rule 33.1 of the Texas Rule of Appellate Procedure requires that
a party have “state[d] the grounds for the ruling that [he] sought from the trial court
with sufficient specificity to make the trial court aware of the complaint.” Tex. R. App.
P. 33.1(a)(1) (emphasis added). An objection stating one legal basis may not be used
to support a complaint based on a different legal theory on appeal. See Heidelberg v.
State, 144 S.W.3d 535, 537 (Tex. Crim. App. 2004). Courts have routinely held that,
when a complaint on appeal does not comport with an objection made at trial, the error
is not preserved on appeal. Wilson, 71 S.W.3d at 349; Goff v. State, 931 S.W.2d 537,
551 (Tex. Crim. App. 1996); Flores v. State, 125 S.W.3d 744, 747 (Tex.
App.—Houston [1st Dist.] 2003, no pet.). The same rationale applies to a case
involving a proffer of evidence, rather than an objection. See Reyna v. State, 168
S.W.3d 173, 179 (Tex. Crim. App. 2005). The purpose of requiring an objection is to
give the trial court or the opposing party the opportunity to correct the error or to
remove the basis of the objection. Id. 
 
          Here, appellant argued to the trial court that the evidence should be admitted to
show M.A.’s “motive” and “state of mind.” After resting his case, appellant sought
to re-open the case to present testimony from Rosenthal and Chaney regarding
Chaney’s alleged abuse of M.C. The State objected based on relevance and improper
impeachment. The following exchange occurred in the trial court regarding
Rosenthal’s and Chaney’s testimony:
[STATE]: Judge, my objection would be hearsay because—
 
[APPELLANT]: Judge, it’s not offered for the truth of the
matter. It’s offered to show [M.A.’s] motive and state of
mind. That’s all it is offered for.
 
. . .
 
[APPELLANT]: And I’m telling [the trial court] it’s offered
for motive, it’s offered for state of mind. That is, that a
child who is being beaten by a parent is more likely to have
a motive to destroy the happiness of that parent.
 
THE COURT: But you made no attempt to establish that
motive through the complainant. I’m not going to allow
you now to call witnesses to establish that in some other
method. It’s in essence impeaching the complainant.
 
[APPELLANT]: Absolutely not. It’s evidence regarding
our theory—
 
THE COURT: I understand your point. My ruling is I’m
going to sustain [the State’s] objection as to anything by
Mr. Rosenthal about any injuries he witnesses or any
statements made to him by the complainant about any
injuries inflicted on [M.C.] by her mother period.

          At trial, appellant did not cite to any rules of evidence, cases, or constitutional
provisions. Appellant’s references to “the truth of the matter asserted”appear to reflect
that he believed that the evidence was not hearsay under Rule of Evidence 801(d). See
Tex. R. Evid. 801(d). His claim that he was offering the evidence as “motive” and
“state of mind” appears to reflect his belief that the evidence should not have been
excluded as hearsay, but admitted either because it was non-hearsay under Rule of
Evidence 801(e) or as an exception to hearsay under rule 803(3). See Tex. R. Evid.
801(e); id. 803(3). Appellant’s reference to his defense theories concerning M.A.’s
“motive” and “state of mind” could be a reference to either the Rules of Evidence or
the Confrontation Clause. See Reyna, 168 S.W.3d at 179 (stating that defendant’s
reference to “credibility” could be reference to either Rules of Evidence or
Confrontation Clause). In fact, appellant’s trial counsel testified in the motion-for-new-trial hearing that “ I can’t remember if [the evidence alleging child abuse prior
to appellant’s living with Chaney] was admitted or denied outside the presence of the
jury, but my goal was to attempt to impeach their testimony, if I had been allowed to
get that in front of the jury. I wanted to have the people who had taken that report for
impeachment purposes, and I was not able to do that.” (Emphasis added.)
          Appellant first complained in his motion for new trial that he was denied the
right of confrontation. However, appellant’s objection at that point was untimely. See
Tex. R. App. P. 33.1; State v. Murk, 815 S.W.2d 556, 558 (Tex. Crim. App. 1991)
(clarifying that even charging instrument that does not become objectionable until day
of trial must be objected to at trial). Because appellant’s objection at trial
encompassed complaints under both the Texas Rules of Evidence and the
Confrontation Clause, the objection was not sufficiently specific to preserve error. See
Reyna, 168 S.W.3d at 179 (holding that defendant’s objection is not sufficiently
specific to preserve error when it encompassed complaints under both Texas Rules of
Evidence and Confrontation Clause).                      
          Accordingly, appellant’s failure clearly to make a timely objection on
confrontation grounds at trial waives this argument on appeal. See id.
          We overrule appellant’s first point of error.
Disclosure of Brady Material
          In his second point of error, appellant argues that “[his] right to due process and
due course of law pursuant to [the United States and Texas Constitutions was] denied
by the State’s failure to produce [CPS] reports of alleged child abuse until after both
sides [had] rested at trial.”


 
          Specifically, appellant now claims that the State’s tardy disclosure violated his
due process right to the disclosure of exculpatory evidence under Brady v. Maryland,
373 U.S. 83, 83 S. Ct. 1194 (1963). The Due Process Clause of the Fourteenth
Amendment requires the State to disclose evidence that is favorable to a criminal
defendant. Id., 373 U.S. at 84-88, 83 S. Ct. at 1195-98 ; Thomas v. State, 841 S.W.2d
399, 404 (Tex. Crim. App. 1992). In Brady, the United States Supreme Court
concluded that the suppression by the prosecution of evidence favorable to a defendant
violates due process if the evidence is material either to guilt or punishment, without
regard to the good or bad faith of the prosecution. Brady, 373 U.S. at 87, 83 S. Ct. at
1196-97; see Wyatt v. State, 23 S.W.3d 18, 27 (Tex. Crim. App. 2000). Appellant
must satisfy three requirements to establish a due process violation under Brady: (1)
the State suppressed evidence; (2) the suppressed evidence is favorable to defendant;
and (3) the suppressed evidence is material. Little v. State, 991 S.W.2d 864, 866 (Tex.
Crim. App. 1999); Thomas, 841 S.W.2d at 402-03 (citing Moore v. Illinois, 408 U.S.
786, 92 S. Ct. 2562 (1972)). 
A.      Suppression
            The first element of Brady is present if the prosecution actively suppresses
evidence or negligently fails to disclose it. Butler v. State, 736 S.W.2d 668, 670 (Tex.
Crim. App. 1987). “Brady and its progeny do not require prosecuting authorities to
disclose exculpatory information to defendants that the State does not have in its
possession and that is not known to exist.” Hafdahl v. State, 805 S.W.2d 396, 399
(Tex. Crim. App. 1990) (citing Thompson v. State, 612 S.W.2d 925, 928 (Tex. Crim.
App. 1981)). The State’s duty to reveal Brady material to the defense attaches when
the information comes into the State’s possession, whether or not the defense
requested the information. Thomas, 841 S.W.2d at 407. However, the State is not
required to seek out exculpatory evidence independently on an appellant’s behalf or
to furnish the appellant with exculpatory or mitigating evidence that is fully accessible
to the appellant from other sources. Jackson v. State, 552 S.W.2d 798, 804 (Tex.
Crim. App. 1976). There can be no Brady violation without suppression of favorable
evidence. 
          Here, appellant’s trial counsel conceded that the State had an open-file policy. 
Generally, if the State opens its files for examination by defense counsel, it fulfills its
duty to disclose Brady evidence. Harm v. State, 183 S.W.3d 403, 407 (Tex. Crim.
App. 2006); Brewer v. State, 126 S.W.3d 295, 305 (Tex. App.—Beaumont 2004, pet.
ref’d). Although appellant’s trial counsel reviewed the State’s files before appellant’s
first trial, he claimed that he had never seen the CPS reports and that the reports may
instead have been in a work-product envelope that he did not open. The State
explained to the trial court that the CPS reports had been in its file the first time that
the case had been tried in the Fall of 2004.


 The CPS reports were printed on May of
2003 and were in the State’s file before the Fall of 2004. Nonetheless, appellant
contended that he had taken notes from all of the offense reports in the State’s file in
April of 2003, prior to the reports’ being printed and that the State had a duty to tell
him that it had obtained the CPS reports when the case was re-tried. 
          There is no evidence that appellant reviewed the State’s file after the mistrial. 
Indeed, appellant admitted to the trial court that he “had taken notes back in ‘03
sometime, got all the information that was in the file at that time, and had not—had
not looked at the State’s file, had not looked at the Court’s file, which [appellant
doesn’t] believe[] contained any of those records. [Appellant] had not looked at the
State’s file at that time, so all [appellant] is saying is [he] think[s] [the State] had a
duty to bring it to [his] attention since [the State] knew they were in [its] file . . . .” 
Appellant complains that he had not received this report or had knowledge of it until
Rosenthal alerted “him” or “his counsel” to potential physical and psychological abuse
by M.C.’s mother. At that point, after both sides had rested, appellant’s trial counsel
requested and received the report. 
 
          Even if we were to assume, as appellant suggests, that the State willfully or
inadvertently concealed the records, appellant’s claims still must fail because, as
discussed below, appellant was not prejudiced by the late disclosure of the CPS
reports. Further, the complained-of evidence did not undermine the confidence in the
outcome of the trial. A careful review of the tardy CPS records indicates that they were
not material to appellant’s case.
B.      Materiality
            Materiality, the third element of Brady is a requirement that the defendant be
prejudiced by the State’s failure to disclose the favorable evidence. Harm, 183
S.W.3d at 407. To show prejudice, appellant must show a reasonable probability that,
had the evidence been disclosed to the defense earlier, the result of the proceeding
would have been different. Little v. State, 991 S.W.2d 864, 866 (Tex. Crim. App.
1999). A reasonable probability is sufficient to undermine confidence in the outcome
of the trial. Id. The mere possibility that undisclosed evidence could have helped the
defense or affected the trial’s outcome does not establish “materiality” in the
constitutional sense. Hampton v. State, 86 S.W.3d 603, 612 (Tex. Crim. App. 2002). 
Whether the evidence is material is viewed in the context of the overall strength of the
State’s case. Id. at 613. A verdict that is only weakly supported by the record is more 
 
likely to be affected by any Brady error than a verdict that is strongly supported. 
Strickland v. Washington, 466 U.S. 668, 696, 104 S. Ct. 2052, 2069 (1984). 
            When, as in the instant case, the alleged Brady material is discovered during
trial, the inquiry is whether the defendant is prejudiced by the late disclosure. Palmer
v. State, 902 S.W.2d 561, 565 (Tex. App.—Houston [1st Dist.] 1995, no pet.). If the
defendant receives the material in time to put it to effective use at trial, his conviction
should not be reversed simply because it was not disclosed as early as it might or
should have been. Id. (citing United States v. McKinney, 758 F.2d 1036, 1050 (5th
Cir. 1985)). 
          After the CPS reports were disclosed at trial, appellant was permitted to review
them. After appellant received the CPS reports, he was able to cross-examine M.C.,
Chaney, and Rosenthal. Appellant was permitted to question Chaney about her
relationship with M.C. In the motion for new trial, appellant’s trial counsel admitted
that he was able to solicit testimony from Chaney, in the presence of the jury, that she
had hit M.C. with a belt and put her in a closet. Therefore, appellant received the
report in time to make effective use of it at trial. Nonetheless, appellant contends that
the late disclosure of the report affected his ability to prepare a defense because, if the
report had been disclosed earlier, appellant could have “digested what [the CPS 
 
reports] said.” Appellant, however, never proffered how such a time to digest the
reports would have impacted his presentation of the case.



          Additionally, other evidence in the record supports the jury’s verdict. At trial,
Dr. Rambur, a clinical psychologist for the Center, testified that M.C’s behavior was
consistent with that of a sexually abused child. Dr. McNeese, a pediatrician at the
Center, explained that certain areas of M.C.’s genitals, showed signs of trauma
consistent with the sexual abuse with which appellant was charged. These two
witnesses, in conjunction with the testimony of M.C. and Chaney that appellant had
sexually assaulted M.C., supported the jury’s verdict. The CPS records were not
material because, under Brady, there is no reasonable probability that, had appellant
received the CPS reports before trial, the outcome of this trial would have been
different. Further, there is no showing that earlier access to the CPS records would
have enabled appellant’s trial counsel to fashion an argument to secure admission of
the records into evidence or to use the records in any other way that would have
impacted the trial.
            After reviewing the entire record and considering the strength of the State’s
case, we hold that the complained-of evidence does not sufficiently “undermine
confidence in the outcome of the trial.” See Thomas, 841 S.W.2d at 404-05. 
          We overrule appellant’s second point of error.
Prosecutorial Misconduct
          In his third point of error, appellant argues that “[his] right to due process
pursuant to [the United States and Texas Constitutions was] denied by prosecutorial
misconduct in failing to produce child protective services reports of alleged child
abuse until after both sides [had] rested at trial.” In other words, appellant contends
that the State’s failure to produce the Brady material was an act of prosecutorial
misconduct that requires reversal of his conviction.



          The State has an affirmative duty to disclose evidence favorable and material
to a defendant’s guilt or punishment under the Due Process Clause of the Fourteenth
Amendment. Thomas, 841 S.W.2d at 407. Once such information comes into its
possession, the State’s duty under Brady attaches, with or without a request from the
defense for such evidence. Id. A violation of that duty occurs when a prosecutor (1)
fails to disclose evidence (2) that is favorable to the accused and that (3) creates a 
 
probability sufficient to undermine confidence in the outcome of the proceeding. See
id. at 404.
          We have already held that the complained-of evidence was not material as that
term is used in Brady, in that appellant was not prejudiced by any late disclosure
because he received the reports and used them at trial. Accordingly, under these
circumstances, we hold that any violation of the State’s prosecutorial duty was not
harmful. See Thomas v. State, 841 S.W.2d 399, 407 (Tex. Crim. App. 1992). 
          We overrule appellant’s third point of error.
                        Conclusion
          We affirm the judgment of the trial court.                                                         

 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Higley, and Bland.

Do not publish. See Tex. R. App. P. 47.2(b).