Opinion issued February 5, 2009












In The
Court of Appeals
For The
First District of Texas




NO. 01-07-00743-CR




GUADALUPE ELIZONDO, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from 184th District Court
Harris County, Texas
Trial Court Cause No. 1074785




MEMORANDUM OPINION
          A jury convicted appellant, Guadalupe Elizondo, of aggravated robbery. See
Tex. Penal Code Ann. §§ 29.02(a)(2), .03(a)(2) (Vernon 2003). After Elizondo
pleaded true to an enhancement paragraph and stipulated to prior convictions, the jury
assessed punishment at 45 years imprisonment and a $10,000 fine. Appellant
challenges the trial court’s denial of his request for a jury charge on the
lesser-included offense of aggravated assault and the trial court’s admission of
evidence of appellant’s gang involvement during the punishment phase of the trial.
          We affirm.
                    Background
          On June 27, 2006, around 9:00 p.m., appellant approached Jose Duarte as he
was walking along the street. Initially, appellant simply asked Duarte if he was doing
all right, and Duarte said that he was. A little further along the street, in front of a bus
stop, appellant pointed a gun at Duarte, and said, in Spanish, “Where is the money?”
and “Give me the money.” Duarte asked, “What money?” and reached for his wallet.
Duarte testified that he had never seen appellant before and he did not know why he
asked Duarte for money. As Duarte reached for his wallet, appellant shot him in the
leg and walked or ran away, without taking anything.
          Meanwhile, Officer J. Aguirre, an undercover narcotics officer with the
Houston Police Department, had been standing across the street. When he heard a
gunshot, he turned, saw Duarte fall down, and saw appellant run from the scene.
Aguirre said that appellant was walking fast initially while “jamming something in
his waistband,” and that he later began to run. Aguirre pursued appellant in his
unmarked vehicle, and he called for backup. Appellant got into the passenger side
of a waiting car. An officer in a marked police car, who was nearby and had heard
Aguirre’s call on the radio, activated his lights and sirens and pursued appellant. 
Appellant’s car sped away, and after a chase, appellant was arrested.
          Before closing arguments, appellant requested a jury charge on the
lesser-included offense of aggravated assault.
The only request that I have to the charge and the only objection I have
to the charge is I’m requesting a charge on the lesser-included offense
of aggravated assault based on the testimony of the complainant, which
his testimony was very specific, that the defendant asked him, “Where
is the money?” and he responded with a question, “What money?” And
there is no evidence that the defendant tried to take anything from him
or even told him he was going to take anything from him. Based on that,
I’m requesting a charge on aggravated assault.
 
The State argued that the jury could infer appellant’s intent based on the words used,
and the trial court denied the requested jury charge.
          Before the punishment phase, the trial court held a hearing outside the presence
of the jury to determine whether evidence regarding appellant’s gang involvement
could be admitted before the jury. The trial court granted appellant a running
objection based on Texas Rule of Evidence 403. During the punishment phase, the
trial court admitted photographs of appellant’s tattoos, specifically a tattoo that
covered appellant’s chest and had the word “Houstone” and the letters “S.E.” In
addition, a sheriff’s deputy, who specialized in gang crime, testified that Houstone
is a prison gang, whose members sometimes engage in gang-related crimes after
release from prison. He said that members typically tattooed letters indicating where,
in Houston, they were raised, with “S.E.” referring to “southeast.” He offered his
opinion that appellant was a member of the Houstone gang, based solely upon
appellant’s tattoos.                        Jury Charge
          In his first issue, Elizondo contends that the trial court erred in denying his
request for a jury charge on the lesser-included offense of aggravated assault. See
Tex. Penal Code Ann. §§ 22.01(a)(2), .02(a)(2) (Vernon Supp. 2008).
Standard of Review
          “When reviewing charge errors, an appellate court must undertake a two-step
review: first, the court must determine whether error actually exists in the charge, and
second, the court must determine whether sufficient harm resulted from the error to
require reversal.” Abdnor v. State, 871 S.W.2d 726, 731–32 (Tex. Crim. App. 1994). 
We use a two-pronged test to determine whether a defendant is entitled to an
instruction on a lesser-included offense. See Guzman v. State, 188 S.W.3d 185, 188
(Tex. Crim. App. 2006); Salinas v. State, 163 S.W.3d 734, 741 (Tex. Crim. App.
2005). The first step is to determine whether an offense is a lesser-included offense
of the alleged offense. Hall v. State, 225 S.W.3d 524, 535 (Tex. Crim. App. 2007);
Salinas, 163 S.W.3d at 741. This determination is a question of law and does not
depend on the evidence to be produced at the trial. Hall, 225 S.W.3d at 535.
          An offense is a lesser-included offense if:
(1) it is established by proof of the same or less than all the facts
required to establish the commission of the offense charged;
 
(2) it differs from the offense charged only in the respect that a less
serious injury or risk of injury to the same person, property, or public
interest suffices to establish its commission;
 
(3) it differs from the offense charged only in the respect that a less
culpable mental state suffices to establish its commission; or
 
(4) it consists of an attempt to commit the offense charged or an
otherwise included offense.

Tex. Code Crim. Proc. Ann. art. 37.09 (Vernon 2006). When the greater offense
may be committed in more than one manner, the manner alleged will determine the
availability of lesser-included offenses. Hall, 225 S.W.3d at 531.
          The second step is to determine if there is some evidence that would permit a
rational jury to find that the defendant is guilty of the lesser offense but not guilty of
the greater. Id. at 536; Salinas, 163 S.W.3d at 741; Feldman v. State, 71 S.W.3d 738,
750 (Tex. Crim. App. 2002). Anything more than a scintilla of evidence may be
sufficient to entitle a defendant to a charge on the lesser offense. Hall, 225 S.W.3d
at 536. “[I]t is not enough that the jury may disbelieve crucial evidence pertaining
to the greater offense, but rather, there must be some evidence directly germane to the
lesser-included offense for the finder of fact to consider before an instruction on a
lesser-included offense is warranted.” Hampton v. State, 109 S.W.3d 437, 441 (Tex.
Crim. App. 2003). We review all evidence presented at trial to make this
determination. Rousseau v. State, 855 S.W.2d 666, 673 (Tex. Crim. App. 1993). If
the evidence raises the issue of a lesser-included offense, a jury charge must be given
based on that evidence, “whether produced by the State or the defendant and whether
it be strong, weak, unimpeached, or contradicted.” Id. at 672 (quoting Bell v. State,
693 S.W.2d 434, 442 (Tex. Crim. App. 1985)).
Aggravated Assault
          Aggravated assault can be a lesser-included offense of aggravated robbery. 
Parrish v. State, 869 S.W.2d 352, 354 (Tex. Crim. App. 1994). Therefore, the first
step of the two-pronged test is satisfied. See Hall, 225 S.W.2d at 553. Aggravated
assault requires that the accused threatened another with a deadly weapon. Tex.
Penal Code Ann. § 22.02(a)(2) (Vernon Supp. 2008). Aggravated robbery requires
that an accused used or exhibited a deadly weapon in the course of committing or
attempting a theft. Tex. Penal Code Ann. § 29.03(a)(2) (Vernon 2003). However,
the offense of aggravated robbery does not require that appellant actually obtain the
property that he sought. See Watts v. State, 516 S.W.2d 414, 415 (Tex. Crim. App.
1974).
Discussion
          Because aggravated assault is a lesser-included offense of aggravated robbery,
we need to determine only if there is some evidence that would permit a rational jury
to find that appellant is guilty of aggravated assault but not guilty of the aggravated
robbery. See Hall, 225 S.W.3d at 536; Salinas, 163 S.W.3d at 741; Feldman, 71
S.W.3d at 750. A charge on the lesser-included offense of aggravated assault would
be required only if the record contained some evidence showing that appellant lacked
the intent to rob Duarte. Appellant argues that the evidence is capable of different
interpretations. Appellant contends that the demand, “Give me the money,” indicated
some preexisting relationship sufficient to negate an intent to commit theft. However,
Duarte testified that he did not know appellant. As we have noted, it is not enough
for the jury to disbelieve crucial evidence. Hampton, 109 S.W.3d at 441. We hold
that appellant was not entitled to a jury charge on aggravated assault. We overrule
appellant’s first issue.
Admission of Evidence
          In his second issue, appellant argues that the trial court erred during the
punishment phase by admitting testimony from a Harris County sheriff’s deputy about
appellant’s gang involvement. Appellant contends that the probative value of this
testimony was substantially outweighed by the danger of unfair prejudice. 
Standard of Review
          A trial court has broad discretion in determining the admissibility of evidence
presented at the punishment phase of trial. Henderson v. State, 29 S.W.3d 616, 626
(Tex. App.—Houston [1st Dist.] 2000, pet. ref’d). Evidence may be offered by the
State and the defendant “as to any matter the court deems relevant to sentencing.”
Tex. Code Crim. Proc. Ann. art. 37.07, § 3(a)(1) (Vernon Supp. 2008); Flores v.
State, 125 S.W.3d 744, 746 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Even
relevant evidence, however, may be excluded if its probative value is substantially
outweighed by the danger of unfair prejudice. Tex. R. Evid. 403. As used in rule
403, “unfair prejudice” means the undue tendency of the evidence to suggest a
decision on an improper basis. Flores, 125 S.W.3d at 746. We will not disturb a trial
court’s determination regarding the admissibility of relevant evidence unless an abuse
of discretion has been shown. Id.
Discussion
          Appellant argues that “basing an opinion concerning gang membership on
tattoos alone is insufficient,” because article 61.02 of the Code of Criminal Procedure
requires more than the existence of a tattoo for a person’s inclusion in “an intelligence
database for the purpose of investigating or prosecuting the criminal activities of . . .
street gangs.” Tex. Code Crim. Proc. Ann. art 61.02 (Vernon Supp. 2008).
          “As a general matter, testimony regarding a defendant’s affiliation with a gang
may be relevant and admissible at the punishment phase to show the defendant’s
character.” Garcia v. State, 239 S.W.3d 862, 866–67 (Tex. App.—Houston [1st
Dist.] 2007, pet. ref’d) (citing Beasley v. State, 902 S.W.2d 452, 456 (Tex. Crim. App.
1995)) (other citations omitted). 
The evidence need not link the accused to the bad acts or misconduct
generally engaged in by gang members, so long as the fact finder is (1)
provided with evidence of the defendant’s gang membership, (2)
provided with evidence of character and reputation of the gang, (3) not
required to determine if the defendant committed the bad acts or
misconduct, and (4) asked only to consider reputation or character of the
accused.
 
Garcia, 239 S.W.3d at 867 (citing Beasley, 902 S.W.2d at 457). Finally, article 61.02
does not apply to the admission of evidence; evidence regarding gang membership
need not satisfy article 61.02 as a prerequisite to admissibility at the punishment
phase. Garcia, 239 S.W.3d at 867 n.2.
          Here, the deputy’s testimony that appellant’s tattoos had distinctive meanings
and were common in the Houstone gang supplied sound evidence of appellant’s gang
membership. See id. at 866–67. This was probative of appellant’s character and
offered for that purpose. In addition, the deputy testified about the character and
reputation of the gang. We hold that the trial court did not abuse its discretion in
admitting this punishment-phase evidence. We overrule appellant’s second issue.
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Jim Sharp
                                                             Justice

Panel consists of Justices Taft, Bland, and Sharp

Do not publish. Tex. R. App. P. 47.2(b).