

★ ★ ★        ★ ★ ★

# MEMORANDUM OPINION

No. 04-08-00418-CR

Lawrence **DALE**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 399th Judicial District Court, Bexar County, Texas
Trial Court No. 2008-CR-2002
Honorable Juanita A. Vasquez-Gardner, Judge Presiding

**OPINION ON APPELLANT'S MOTION FOR REHEARING**

Opinion by:     Phylis J. Speedlin, Justice

Sitting:        Sandee Bryan Marion, Justice
                Phylis J. Speedlin, Justice
                Marialyn Barnard, Justice

Delivered and Filed:   August 19, 2009

AFFIRMED AS MODIFIED

The motion for rehearing filed by appellant Lawrence Dale is denied. This court's opinion

and judgment dated July 29, 2009, are withdrawn, and this opinion and judgment are substituted.

We substitute this opinion to correct a factual statement in the opinion.

A jury convicted Lawrence Dale with the offense of aggravated kidnapping and the trial court sentenced him to fifty years' confinement. On appeal, Dale contends the trial court abused its discretion by admitting Eric Zamora's testimony because (1) the testimony was offered to prove Dale acted in conformity with a character trait; (2) the testimony was not admissible to rebut Dale's defensive theory raised during his opening statement; and (3) the probative value of the testimony was substantially outweighed by the danger of unfair prejudice. Dale also contends the trial court erred in overruling his motion for a mistrial. We affirm the trial court's judgment.

## BACKGROUND

Around 11:15 p.m. on September 9, 2005, Jeffery Groenke told Officer William Roberts, a San Antonio bike patrol officer, he had been sexually assaulted and robbed by a heavyset black man and a smaller Hispanic man in Apartment O of a "run-down motel type place called Omar's." Officer Roberts broadcasted Groenke's descriptions of the two men over the police radio and went to Apartment O. After seeing a bloody towel by the front door of Apartment O, Officer Roberts obtained a key to the room from the landlord and retrieved ropes, which were used to bind Groenke, from the trash in the apartment. Early the next morning, Officer Richard Richardson apprehended two men, who fit Groenke's descriptions, a mile away from the apartment. Groenke identified Dale as one of his assailants, and Dale was charged in a two-count indictment with the offenses of aggravated kidnapping (Count I) and aggravated robbery (Count II).

The State waived and abandoned Count II of the indictment, and the case proceeded to trial on Count I. After both sides rested, the State requested permission to re-open the evidence to present the testimony of Eric Zamora. Zamora was the complainant in another aggravated robbery case against Dale. The offense against Zamora occurred a few hours after the offense against Groenke,

and Dale had Zamora's wallet when he was apprehended. The trial court overruled defense counsel's objection and permitted the testimony to be presented. Before Zamora testified, the trial court instructed the jury, "Ladies and gentlemen, you are about to hear some testimony that is being offered to aid you, if it does, in determining the Defendant's intent, if any, in connection with the offense, if any, and for no other purpose."

Zamora testified he was walking home around 1:00 a.m. on September 10, 2005 when a large black man and a smaller Hispanic man approached him for money. Zamora testified he told the men he did not have any money, but the men kept asking him. Zamora testified the black man, who Zamora later identified as Dale, told Zamora "he needed some pussy." Scared, Zamora pulled out his wallet to show the men he had no money, and when Zamora looked up, Dale punched him in the face and knocked him to the ground. Zamora testified both men repeatedly kicked him and knocked him down each time he attempted to stand up. Zamora testified the Hispanic man asked him for his wallet. After Zamora gave the Hispanic man his wallet, both men ran away. A taxicab driver stopped and drove Zamora home, and Zamora's father took him to the hospital.

Following Zamora's testimony and both parties' closing arguments, the trial court read the following instruction from the jury charge with regard to Zamora's testimony:

> You are instructed that if there is any testimony before you in this case regarding the Defendant having committed an offense other than the case alleged against him in the indictment in this case, you cannot consider said testimony for any purpose unless you find and believe beyond a reasonable doubt that the Defendant committed such other offense, if one was committed, and even then you may only consider the same in determining the intent of the Defendant, if any, in connection with the offense, if any, alleged against him in the indictment in this case, and for no other purpose.

The jury found Dale guilty of the offense of aggravated kidnapping and sentenced him to ninety-nine years confinement.

### EXTRANEOUS BAD ACTS OR CONDUCT EVIDENCE

Dale first contends the trial court abused its discretion when it admitted Zamora's testimony because Zamora's testimony was inadmissible character evidence of an extraneous act. Dale contends the State proffered the evidence to show Dale acted in conformity with the extraneous act, and the evidence had no relevance apart from character conformity.

The State, however, argues Zamora's testimony was proper rebuttal evidence that was admissible to show Dale had the requisite intent to rob or violate or abuse Groenke sexually. Proof of this intent was necessary to establish the alleged offense of aggravated kidnapping.

We review a trial court's decision to admit evidence under an abuse of discretion standard. *See Winegarner v. State*, 235 S.W.3d 787, 790 (Tex. Crim. App. 2007); *Montgomery v. State*, 810 S.W.2d 372, 391 (Tex. Crim. App. 1990) (op. on reh'g). We will uphold a trial court's decision to admit evidence so long as the decision lies within the zone of reasonable disagreement and is correct under any theory of law applicable to the case. *See Winegarner*, 235 S.W.3d at 790; *Montgomery*, 810 S.W.3d at 391.

Relevant evidence of a person's extraneous offenses, acts, or conduct is generally inadmissible to show a person acted in conformity with that character trait. TEX. R. EVID. 404(a); *Powell v. State*, 63 S.W.3d 435, 438 (Tex. Crim. App. 2001). Under Texas Rule of Evidence 404(b), however, evidence of extraneous offenses, bad acts, or conduct may "be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." TEX. R. EVID. 404(b); *see also Powell,* 63 S.W.3d at 438;

*Montgomery*, 810 S.W.2d at 387-88.  Additionally, evidence of a person's extraneous bad acts may be admissible to rebut a defensive theory.  *Powell,* 63 S.W.3d at 438.  If, however, the evidence of extraneous offenses, bad acts, or conduct is only relevant to support an inference of character conformity, then "it is absolutely inadmissible" under Rule 404(b).  *Montgomery*, 810 S.W.2d at 387.

Here, Zamora's testimony was admissible as proper rebuttal evidence to show Dale had the requisite intent to rob or violate or abuse Groenke sexually.  *See Powell,* 63 S.W.3d at 438; *Montgomery*, 810 S.W.2d at 387-88.  During his opening statement, defense counsel claimed Dale could not have committed the offense because he lacked intent, stating:

> We think the evidence is going to show that Mr. Dale didn't know what to do.
> We think the evidence is going to show that he left the scene as quickly as he could.
> We think the evidence is going to show -- or lack of evidence is going to show no
> intent on my client's part.  No intent to take someone into a room for the purpose of
> committing robbery; no intent on the part of my client to take someone into the room
> for the purpose of committing some type of sexual assault; no intent on the part of
> my client to cause physical bodily injury.  That was not the intent.  We think the
> evidence is going to show pretty clearly what my client intended to do.

In this case, the trial court could have reasonably believed that Zamora's testimony rebutted Dale's defensive theory that Dale did not intend to commit the alleged offense.  *See Montgomery*, 810 S.W.2d at 387-88; *see also Rubio v. State*, 607 S.W.2d 498, 500-01 (Tex. Crim. App. 1980) ("This Court has consistently held that when a defendant raises a defensive theory of lack of intent to wrongfully engage in criminal conduct, an extraneous offense is admissible by way of rebuttal on the issue of intent.").  Here, Zamora's testimony shows Dale was involved in a similar crime involving intent to commit a robbery subsequent to kidnapping Groenke.  It is at least subject to reasonable disagreement that Zamora's testimony made Dale's defensive theory of lack of intent more or less probable.  *See Powell,* 63 S.W.3d at 438; *Montgomery*, 810 S.W.2d at 387-88 (holding

evidence of other crimes, wrongs, or acts has noncharacter conformity relevance when the evidence logically serves to undermine a defensive theory).

Furthermore, the trial court's limiting instruction shows the trial court admitted the evidence for its noncharacter conformity purpose of determining Dale's intent to commit the alleged offense. *See* TEX. R. EVID. 105(a) (providing for a limiting instruction when evidence is admissible for one purpose but not admissible for another); *Powell,* 63 S.W.3d at 439. Therefore, we hold the trial court did not abuse its discretion in admitting Zamora's testimony as rebuttal evidence to establish Dale's intent to commit aggravated kidnapping.

Dale also contends Zamora's testimony was not admissible to rebut his defensive theory because this theory was raised only during his opening statement. Dale attempts to distinguish *Powell v. State* because in *Powell* the defensive theory was raised during cross-examination. We disagree with Dale's reading of *Powell*. In *Powell*, the Texas Court of Criminal Appeals disagreed with the concurring opinion's assertion that an opening statement cannot open the door to the admission of extraneous offenses and concluded that the trial court has the discretion to admit evidence of extraneous offenses to rebut a defensive theory raised during an opening statement. *Powell*, 63 S.W.3d at 439 (disagreeing with Justice Johnson's concurring opinion, which states an opening statement is not evidence and should not open the door to the admission of extraneous offenses as rebuttal evidence). Because Dale claimed he lacked intent to commit the offense during his opening statement, the trial court did not abuse its discretion in admitting Zamora's testimony as rebuttal evidence. *See id.*

Lastly, Dale contends the trial court abused its discretion in admitting Zamora's testimony because its probative value was substantially outweighed by the danger of unfair prejudice. Texas

Rule of Evidence 403 allows for the exclusion of relevant evidence if that evidence's probative value "is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." TEX. R. EVID. 403; *see also Shuffield v. State*, 189 S.W.3d 782, 786-87 (Tex. Crim. App. 2006). Favoring the admission of relevant evidence, Rule 403 "carries a presumption that relevant evidence will be more probative than prejudicial." *Shuffield*, 189 S.W.3d at 787; *see also Montgomery*, 810 S.W.2d at 389. When conducting a Rule 403 analysis, we must consider, but are not limited to, the following factors: "(1) how probative the evidence is; (2) the potential of the evidence to impress the jury in some irrational, but nevertheless indelible way; (3) the time the proponent needs to develop the evidence; and (4) the proponent's need for the evidence." *See Shuffield*, 189 S.W.3d at 787; *see also Montgomer*y, 810 S.W.2d at 389-90.

As indicated earlier, Zamora's testimony was probative to rebut Dale's defensive theory of lack of intent. *See Powell,* 63 S.W.3d at 438; *Montgomery*, 810 S.W.2d at 387-88. The record shows that intent was an issue in the case. Again, Zamora's testimony described how Dale threatened and robbed Zamora subsequent to kidnapping Groenke. *See Carter v. State*, No. 14-06-00115, 2007 WL 43764, at *5 (Tex. App.—Houston [14th Dist.] Jan. 9, 2007, pet. ref'd) (indicating evidence that appellant committed a crime in a similar manner to the charged offense two days before the charged offense occurred is highly relevant). The evidence was presented in a short and concise manner and did not include unnecessarily graphic details. Further, Zamora's testimony was immediately preceded by a verbal limiting instruction, and the jury charge also clarified that the evidence was being offered only for its noncharacter conformity purpose of determining Dale's intent to commit the alleged offense.

Under the Rule 403 balancing test, the probative value of Zamora's testimony was not substantially outweighed by the danger of unfair prejudice. "Unfair prejudice" does not mean that the evidence injures the opponent's case; instead, unfair prejudice means the undue tendency of the evidence to suggest a decision on an improper basis. *Cohn v. State*, 849 S.W.2d 817, 820 (Tex. Crim. App. 1993); *Flores v. State*, 125 S.W.3d 744, 746 (Tex. App.—Houston [1st Dist.] 2003, no pet.). Here, Zamora's testimony only suggests that Dale possessed the necessary intent to rob or violate or abuse Groenke sexually by showing Dale was later involved in another robbery in which he made sexual advances. While Zamora's testimony injures Dale's case, the testimony does not adversely affect Dale beyond its purpose – tending to prove his intent to commit the alleged offense of aggravated kidnapping. *See Cohn*, 849 S.W.2d at 820. Accordingly, the trial court did not abuse its discretion in admitting Zamora's testimony, and Dale's first three issues on appeal regarding the admission of Zamora's testimony are overruled.

## MISTRIAL

In his last issue on appeal, Dale contends the trial court abused its discretion when it overruled his motion for a mistrial. Dale contends a portion of Groenke's testimony made during his direct examination was unresponsive to the State's questions and incurably prejudicial. Dale also contends Groenke's use of crude language was so inflammatory and prejudicial that a court instruction would not be sufficient to cure any prejudice.

We review a trial court's ruling on a motion for mistrial under an abuse of discretion standard. *Archie v. State*, 221 S.W.3d 695, 699 (Tex. Crim. App. 2007); *Hawkins v. State*, 135 S.W.3d 72, 77 (Tex. Crim. App. 2004). A mistrial is required "[o]nly in extreme circumstances, where the prejudice is incurable." *Hawkins*, 135 S.W.3d at 77. We will not substitute our judgment

for the judgment of the trial court; instead, we will decide whether the trial court's decision was arbitrary or unreasonable and outside the zone of reasonable disagreement. *See Archie,* 221 S.W.3d at 699.

During the direct examination of Groenke, the following exchange between the State and Groenke took place:

> Q: (BY MS. CUNNINGHAM) So those were the two men - -
> A. [Groenke] Yes.
> Q. Who did what to you?
> A. Who beat me. Who tied me up.
> Q. Did they make - -
> A. Who made me think that I was about to die. And who at one point I thought when I was under probably fucked me with a metal pipe because that's the first thing I saw when I woke up sitting - -
> MR. HERNANDEZ: Judge, we're going to object.
> THE WITNESS: - - right next to my head.
> MR. HERNANDEZ: It's clearly become nonresponsive to the question.
> THE COURT: Sustained.
> MR. HERNANDEZ: And we're going to move for a mistrial at this point.
> THE COURT: Overruled.

Here, Groenke's response was a "single, brief, unsolicited emotional statement," and his statement did not add new facts to the evidence that was already in front of the jury. *See Jones v. State*, No. 05-07-01163-CR, 2009 WL 988647, at *15 (Tex. App.—Dallas Apr. 13, 2009, no pet.). Given the brief and unrepeated nature of Groenke's statement regarding evidence already before the jury, the trial court did not abuse its discretion in overruling Dale's motion for a mistrial. *See id*. Accordingly, we overrule Dale's last issue on appeal.

## CONCLUSION

Based on the foregoing, we overrule Dale's issues on appeal.  We modify the trial court's judgment to correct a clerical error and to reflect that Dale elected the trial court, not the jury, to assess punishment.  We affirm the trial court's judgment as modified.


Phylis J. Speedlin, Justice

Do Not Publish