Opinion issued August 18, 2011.



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-10-00563-CR

———————————

David Lewis Rowell, Appellant

V.

State of
Texas, Appellee



 



 

On Appeal from the 411th District Court

Polk County, Texas



Trial Court Case No. 20648

 



 

MEMORANDUM OPINION

          A
jury found David Lewis Rowell guilty of the sexual assault of a child and,
after finding the State’s allegations of his four prior felony convictions
true, assessed Rowell’s punishment at life imprisonment.  On appeal, Rowell contends that the trial
court erred in admitting as evidence (1) a portion of the recording of Rowell’s
police station interview, in which he confessed to the sexual assault and (2)
documentation of his prior felony convictions. 
We find that the trial court properly denied Rowell’s motion to
suppress, and that, with respect to the challenged evidentiary rulings, Rowell
either waived or failed to show that the trial court abused its
discretion.  We therefore affirm.

Background

          The
Polk County Sheriff’s Office received a complaint from a mother and her
sixteen-year-old daughter that Rowell, a neighbor, had sexually assaulted the
daughter.  Detective C. Allen was
assigned to investigate the complaint. 
At the suppression hearing, Allen testified that she explained to Rowell
that allegations of a sexual nature had been made against him.  Rowell acknowledged that he knew H. and that
her mother had made the allegations against him.  Detective Allen asked Rowell to come to the
police station for an interview, and Rowell said he would.  

Allen enlisted Lieutenant C.
Finegan to assist in the investigation. 
Finegan testified that when Rowell arrived at the station, he and Allen
discussed with Rowell his rights and warnings consistent with Miranda v. Arizona, 384 U.S.
436, 86 S. Ct. 1602 (1966).  Rowell
signed a form acknowledging that he understood his rights, but Finegan conceded
that the form did not comply with the Texas Code of Criminal Procedure because
it lacked the statement that “anything you say can and will be used against you
at your trial.”  In a recorded interview,
which lasted a little over half an hour, Rowell admitted to sexual contact with
H.  Finegan testified that he did not
observe Rowell speaking or behaving in any way that indicated he was not aware
of what he was doing or that his judgment was impaired.  Rowell left the station.

          In
contrast, Rowell testified that, when he appeared at the station, he spoke with
Allen for about ten minutes, then with Finegan. 
Rowell testified:

I told him, “Look, you know this is all
baloney.  My wife is at home dying as we
speak.”  And he pretty much let me know
that unless I gave him what he wanted I wasn’t going nowhere and regardless of
what he said.  And here I am mentally
distraught.  I’m on medication.  I’m almost starved to death.  I just gave in and gave him whatever he
wanted to get out of there.  It’s
wrong.  I wanted to be with my wife if
she died.  That was all that was on my
mind. . . . 

Also before the jury, Rowell denied having any
sexual contact with the child, claiming that Allen had instructed him not to
bring an attorney with him to the interview and that he was coerced into the
admission.  

Discussion

I.       Admissibility
of recorded interview

          Our
standard for reviewing a trial court’s ruling on a motion to suppress evidence
is bifurcated; we defer to a trial court’s determination of historical facts
and review de novo the trial court’s application of the law.  Maxwell
v. State, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002).  In reviewing a ruling on a question of the
application of law to facts, we review the evidence in the light most favorable
to the trial court’s ruling.  Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997).  At a suppression
hearing, the trial court is the sole and exclusive trier of fact and judge of
the witnesses’ credibility. Maxwell,
73 S.W.3d at 281.  Accordingly, the trial
court may choose to believe or to disbelieve all or any part of a witness’s
testimony.  State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).

Appellate courts generally limit
their review of the trial court’s ruling to an examination of the evidence
produced at the suppression hearing, because that ruling was based on it rather
than evidence introduced later at trial. 
Gutierrez v. State, 221 S.W.3d
680, 687 (Tex. Crim. App. 2007).  This
general rule, however, does not apply when, as here, the parties consensually
re-litigate the suppression issue during the trial on the merits.  Id.;
Rachal v. State, 917 S.W.2d 799, 809
(Tex. Crim. App. 1996).  We therefore consider
both the pretrial evidence and the trial testimony in our review.

Custodial interrogation is “questioning
initiated by law enforcement officers after a person has been taken into
custody or otherwise deprived of his freedom of action in any significant way.”
Miranda, 384 U.S. at 444, 86 S. Ct.
at 1612.  Article 38.22 of the Texas Code
of Criminal Procedure prohibits the use of oral statements made as a result of
custodial interrogation unless the statement is electronically recorded, Miranda warnings are given, and the
accused knowingly, intelligently, and voluntarily waives any rights set out in
the warnings. See Tex. Code Crim. Proc. Ann. art. 38.22,
§ 3(a)(1), (2) (West 2005).  The State
concedes that the police officer did not inform Rowell that “any statement he
makes may be used against him at his trial,” and thus, the warnings he received
do not satisfy article 38.22’s requirements for custodial interrogation.  See id.
§ 3(a)(1).  Article 38.22, however,
does not prohibit the admission of a voluntary statement, whether or not it
results from custodial interrogation, or a statement taken when a suspect is
not in police custody.  Tex. Code Crim. Proc. Ann. art. 38.22,
§ 5 (West 2005).

The determination of custody is
entirely objective, and the subjective intent of law-enforcement officials is
not relevant unless communicated through their words or actions to the suspect.
 Dowthitt
v. State, 931 S.W.2d 244, 254 (Tex. Crim. App. 1966).  Stationhouse questioning, as occurred here,
does not alone constitute custodial interrogation.  Id.
at 255.  Simply being the focus of a
criminal investigation does not amount to being in custody.  Martinez
v. State, 131 S.W.3d 22, 32 (Tex. App.—San Antonio 2003, no pet.)  When a person voluntarily accompanies officers
to an interview, and he is not “restrained of his freedom of movement” and is
not in custody, even though he knows or should know that the police officers
suspect he may be implicated in the crime under investigation.  Shiftlet
v. State, 732 S.W.2d 622, 630 (Tex. Crim. App. 1985).

An interview that begins as
noncustodial, however, can escalate into a custodial interrogation because of
police conduct during the encounter.  Dowthitt, 931 S.W.2d at 255.  In determining whether a noncustodial
encounter has escalated into custodial interrogation, we examine whether the
four factors discussed in Dowthitt
are present: (1) whether the suspect is physically deprived of his freedom
of action; (2) whether law enforcement officers tell a suspect that he
cannot leave; (3) whether law enforcement officers create a situation that
would lead a reasonable person to believe that his freedom of movement has been
significantly restricted; and (4) whether probable cause exists to arrest the
suspect and law enforcement officers do not tell the suspect that he is free to
leave.  Id.  

In its recent decision in Estrada v. State, the Court of Criminal
Appeals held that a station-house interrogation that lasted approximately five hours
was non-custodial, noting “that the police told appellant several times that he
was free to leave, that appellant also acknowledged that he came to the station
voluntarily and did not ‘have to be [t]here anymore,’ and that appellant stated
several times that he wanted to leave and go home.”  313 S.W.3d 274, 294 (Tex. Crim. App.
2010).  In reaching its holding, the
Court of Criminal Appeals drew factual similarities between the case before it
and two decisions in which the United States Supreme Court determined that the
interviews were noncustodial.  See id. 
In the first, California v.
Beheler, the defendant voluntarily accompanied the police to the station
house, talked for less than thirty minutes, and was permitted to return home.  463 U.S. 1121, 1123–24, 103 S. Ct. 3517, 3519–20
(1983).  In the second, Oregon v. Mathiason, the defendant
voluntarily went to the police station, was told he was not under arrest, received
his Miranda warnings, was told that
he could terminate the interview, and was allowed to leave after a twenty- to
thirty-minute interview.  429 U.S. 492, 495,
97 S. Ct. 711, 714 (1977).

Viewing the evidence in a light
favorable to the trial court’s ruling, the conditions of Rowell’s interview
were less onerous than those in Estrada
and substantially similar to those in Beheler
and Mathiason.  After Rowell received most, but not all, of
the warnings required by section 38.22, Rowell participated in a thirty-minute
interview with Finegan, and then he freely left the police station.  The trial court was not required to credit
Rowell’s self-serving trial testimony concerning the officers’ behavior.  See Ross,
32 S.W.3d at 855.  The evidence supports
the conclusion that Rowell was not in custody when he made the statement
admitting to the sexual assault.  

The fact that Rowell felt coerced
in the interview, without more, does not change its character from noncustodial
to custodial.  “Any interview of one
suspected of a crime by a police officer will have coercive aspects to it,
simply by virtue of the fact that the police officer is part of a law
enforcement system which may ultimately cause the suspect to be charged with a
crime.”  Mathiason, 429 U.S. at 495, 97 S. Ct. at 713, quoted in Estrada, 313 S.W.3d at 294.  We therefore hold that the trial court did
not err in admitting the recording.

II.      Admission of Proof of Prior Felony Convictions to Enhance
Punishment 

A.      Standard of
review and preservation of error 

Rowell also contends that
the trial court erred in admitting evidence of his prior criminal convictions
during the sentencing phase of his trial. 
A trial court has broad discretion in determining the admissibility of
evidence presented at the punishment phase.  See Henderson
v. State, 29 S.W.3d 616, 626 (Tex. App.—Houston [1st Dist.] 2000, pet. ref’d).
 “[E]vidence may be offered by the state
and the defendant as to any matter the court deems relevant to sentencing,
including but not limited to . . . any other evidence of an extraneous crime or
bad act that is shown beyond a reasonable doubt by evidence to have been
committed by the defendant or for which he could be held criminally
responsible, regardless of whether he has previously been charged with or
finally convicted of the crime or act.”  Tex. Code Crim. Proc. Ann. art. 37.07,
§ 3(a)(1) (West Supp. 2010); Flores v.
State, 125 S.W.3d 744, 746 n.1 (Tex. App.—Houston [1st Dist.] 2003, no
pet.).  Evidence is relevant if it has
any tendency to make the existence of any fact that is of consequence to the
determination of the action more probable or less probable than it would be
without the evidence.  See Tex.
R. Evid. 401.

In order to preserve a
complaint for appellate review, the record must show that the appellant made a
specific and timely complaint to the trial judge, and that the trial judge
ruled on the complaint.  Tex.
R. App. P. 33.1.  “The specificity
requirement is met if the complaint made at trial was clear enough to the trial
judge so as to permit the trial judge to take corrective action when the
complaint was made.”  Lovill
v. State, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009).  The complaining party must have informed the
trial judge what was wanted and why the party was entitled to it.  Id.  A complaint will not be preserved if the legal
basis of the complaint raised on appeal varies from the
complaint made at trial.  Id.  A complaint is timely when it was “made as
soon as the ground for complaint is apparent or should be apparent.”  Aguilar v. State, 26 S.W.3d 901, 905
(Tex. Crim. App. 2000).

A.      Timeliness
of notice

Rowell first contends that the trial court erred in
admitting evidence of his prior criminal convictions because the State gave
untimely notice of its intent to use them as an enhancement to punishment.  This notice requirement stems from the right
to due process protected by the federal constitution.  Villescas
v. State, 189 S.W.3d 290, 293 (Tex. Crim. App. 2006).  Even a constitutional claim, however, may be
waived by a failure to raise a timely objection at trial.  Pipkin
v. State, 329 S.W.3d 65, 68–69 (Tex. App.—Houston [14th Dist.] 2010, pet.
denied); Tex. R. App. P. 33.1.   Rowell raises this issue for the
first time on appeal; because Rowell failed to timely object in the trial
court, we may not consider its merit here. 
See Saldano v. State, 70
S.W.3d 873, 887 (Tex. Crim. App. 2002).  

B.      Admissibility
of prior conviction records

Rowell contends that
documents proving his prior felony convictions were improperly identified and
thus erroneously admitted during the punishment hearing. Specifically, Rowell
claims that Exhibits 3, 4, 8, 9, 10, 12, and 14 should be excluded from the
evidence because they do not, in fact, prove his prior convictions for those
felonies.  We disagree.

Rowell contends that
Exhibit 3, a certified copy of a 1998 federal judgment convicting Rowell of two
felonies, should not have been admitted because it was not connected with him,
other than by the fact it contained his name. 
At trial, Rowell objected that Exhibit 3 was “not properly
authenticated.  There is no showing it’s
the same David Lewis Rowell.”  Rowell’s
objection to Exhibit 3 as unauthenticated has no merit.  The Texas Rules of Evidence allow the trial
court to admit a certified copy of a public record as properly
authenticated.  Tex. R. Evid. 801, 902. 
With respect to the identity issue, the State pointed out at trial that
the 1998 federal judgment contained Rowell’s date of birth and his social
security number, both of which were already in evidence through Rowell’s own
testimony.  This evidence provided a
sufficient basis for the jury to determine that Rowell is the same person as
the person convicted under the 1998 federal judgment.  See
Flowers v. State, 220 S.W.3d 919,
924–25 (Tex. Crim. App. 2007) (holding that sufficient evidence supported
sentence where proof included certified copy of computer printout from county clerk
setting out conviction for DWI in Dallas County on specific date showing that “Vincent
Henry Flowers” in that numbered case was sentenced to 45 days in jail and
printout contained date of birth, address, social security number, and other
personal descriptors for that “Vincent Henry Flowers,” as well as unobjected-to
official Texas driver’s license record for appellant, issued under same name, “Vincent
Henry Flowers,” with the same date of birth, address, personal descriptors, and
matching information concerning DWI conviction and picture that trial court could
use to compare to person standing before him); Ruiz v. State, No. 01-08-00011-CR, 2010 WL 1948305. at *5–*6 (Tex.
App.—Houston [1st Dist. 2010, pet. ref’d) (mem. op., not designated for
publication) (rejecting contention that absence of fingerprint on judgment and
corresponding jail card prevented State from linking prior conviction to
appellant; judgment contained appellant’s name, sex, date of birth, social
security number, handwritten address, and information was identical to that
contained on jail cards for offenses committed in March 2002 and September 2004
with fingerprints that testifying officer identified as appellant’s
fingerprints).  

Rowell’s objections to
the admission of Exhibits 8, 10, and 14 are likewise unavailing.  Exhibit 8 is a state penitentiary pack
showing a 1976 conviction of “David Rowell” for burglary of a habitation.  It contains a photograph and other
identifying information, including date of birth, height, weight, complexion,
age, eye color, and hair color.  The
state penitentiary pack contained a set of fingerprints.  An officer with expertise in fingerprint comparison and identification
took a set of fingerprints from Rowell the same day he testified.  The officer explained that the state
fingerprint card contained in the penitentiary pack was of poor quality, but
confirmed that Exhibit 9, a certified copy of a Gregg County fingerprint card,
signed by “David L. Rowell Sr.” two days after he began serving his sentence
for the 1976 conviction, matched Rowell’s fingerprints.  Exhibit 10, a certified copy of an indictment
of “David Rowell” for a November 1976 burglary of a habitation, contains the
same case number as Exhibit 8.  Through
Rowell’s fingerprint on documentation with the same case number, the officer
also linked Exhibit 14, a certified copy of an indictment on a 1974
possession-of-cocaine charge, to Rowell. 
We hold that sufficient evidence links the evidence of these prior
felony convictions to Rowell.  See Flowers, 220 S.W.3d at 924–25.

When the State first
tendered Exhibit 4, the trial court sustained the defense objection, and the
State withdrew it, but Rowell failed to object when the State tendered it for
admission later in the proceeding.  Rowell
thus waived any challenge to the admission of Exhibit 4.  See Martinez
v. State, 98 S.W.3d 189, 193 (Tex. Crim. App. 2003) (holding that appellant
must object each time inadmissible evidence is offered unless he obtains
running objection or makes an objection outside presence of jury to all testimony
he deems objectionable).  Rowell also
waived his challenges to Exhibits 9 and 12 by failing to timely object to their
admission.  See Tex. R. App. P. 33.1(a)(1)(A);
Tex. R. Evid. 103(a)(1); Layton v. State, 280 S.W.3d 235, 238–39
(Tex. Crim. App. 2009).

Conclusion

We
hold that the trial court did not err in denying Rowell’s motion to suppress
the portion of the recorded interview in which he admitted to the sexual
assault.  We further hold that Rowell
either waived his complaint or failed to show that the trial court abused its
discretion in admitting the challenged evidence.  We therefore affirm the judgment of the trial
court.

 

                                                                   Jane
Bland

                                                                   Justice


 

Panel
consists of Justices Jennings, Bland, and Massengale.

Do
not publish.   Tex. R. App. P. 47.2(b).